## STATE BOARD OF PHARMACY v GAFFORD

Ohio Appeals, 8th Dist, Cuyahoga Co No. 10599. Decided January 27, 1930

Messrs. Gilbert Bettman, Arthur Krause and Raymond D. Mentzer, Esq., Cleveland, for State Bd of Pharmacy.

Messers. Dan Fishman, Esq., and Bernon, Mulligan, Keeley & Le Fever, Cleveland, for Gafford.

VICKERY, PJ.

We have heard this case on the record, arguments of counsel and briefs, and while it is admitted in this case that Gafford was convicted of a felony, yet there is nothing in this record to show that he was not competent or was not a man of good character and fit to carry on his business as a pharmacist; and to deprive a man of the means of making his living by the only profession that he knows, seems to visit

upon the offender a very drastic punishment. If there was anything in this record to show that this man was immoral or had been guilty of any conduct which would make him unfit for a pharmacist, it might be different; but on the contrary, the record in this case shows that he is a man of good character and good habits and nothing is said in the record against his morals or against him in a professional way except that he plead guilty to a charge of felony; that is of having liquor in his possession, or violating the liquor traffic law. While this is a serious offense and probably merited the punishment, we do not think it is so serious that a man should be forever deprived from making a living for himself and his family in the profession that he is well adapted to fill unless, perforce, his misconduct has been with reference to his chosen profession, and that misconduct would show him either such a profession which, as already stated, incompetent or an unfit person to carry on

We think that the Board is trying to be the record fails to show in this case. unduly harsh in this matter and that feeling must have likewise controlled the Common Pleas Court in its decision. We think that the Board abused its discretion in refusing to grant this man, under the circumstances in this case, a renewal license, and we think that the Court of Common Pleas committed no error in holding as it did.

The judgment of the Common Pleas Court will, therefore, be affirmed.

Sullivan and Levine, JJ., concur.